UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROGERS,

                Plaintiff,                No. 08-CV-10314-DT

vs.                                      Hon. Gerald E. Rosen

CITY OF DETROIT, et al.,

                Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND ORDER GRANTING DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY REQUESTS

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     October 16, 2008

        PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

On September 17, 2008, Plaintiff filed a "Motion for Sanctions Due to Defendants' Violation of Court Order" in which Plaintiff asked the Court to sanction Defendants for not providing requested discovery in accordance with the Court's September 5, 2008 Order Granting Plaintiff's Motion to Compel Discovery. Having reviewed and considered this matter the Court will deny the relief requested by Plaintiff because it finds that Plaintiff's Motion for Sanctions is premature.

The September 5, 2008 Order Granting Plaintiff's Motion to Compel Discovery directed Defendants to provide their Answers to Plaintiff's Interrogatories and Requests

for Production of Documents "within 10 days of the date of this Order." When Plaintiff did not receive the requested discovery by September 15, 2008, on September 17, Plaintiff filed his Motion for Sanctions. It is apparent to the Court that Plaintiff overlooked the operation of Fed. R. Civ. P. 6, which provides in pertinent part:

> (a) **Computing Time.** The following rules apply in computing any time period specified in this rules or in any local rule, *court order*, or statute:
>
> \* \* \*
>
> (2) **Exclusions from Brief Periods**. Exclude intermediate Saturdays, Sundays, and legal holidays *when the period is less than 11 days*.

Fed. R. Civ. P. 6(a) (emphasis added).

Additionally, subsection (d) of Rule 6 allows three additional days after the period would otherwise expire when service is made under Rule 5(b)(2) (C), (D), (E) or (F). Subsection (E) provides for the sending of a pleading or other paper "by electronic means" and includes "the use of the court's transmission facilities." *See* Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3).

Thus, under the Federal Rules, Defendants had until September 22, 2008 to provide the discovery covered by the September 5, 2008 Order. Plainly, then, Plaintiff's September 17, 2008 Motion for Sanctions for non-compliance with the September 5 Order is premature and, therefore, will be DENIED.

Meanwhile, Defendants filed a Motion for Enlargement of Time to Respond to the Discovery Requests covered by the September 5, 2008 Order. Fed. R. Civ. P. 6(b) provides that "When an act may or must be done within a specified time, the court may,

for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect." Defendants explain in their Motion for Enlargement of Time that the legal assistant to whom the task of compiling the responsive materials was assigned was off work to care for her ailing mother and that due to administrative problems in the City's Corporation Counsel's office, though it was supposed to have been (and presumed to have been by Defendants' counsel) the task was not reassigned.

> The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . . the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship* 507 U.S. 380, 388 (1993).

Here, Defendants ask only for a two-week extension of time to provide their responses to Plaintiff's discovery requests. The Court finds that this short period of time will not severely impact on the proceedings or cause substantial prejudice to Plaintiff. Further, the Court finds no evidence of bad faith on the part of Defendants in their failure to timely provide the requested discovery. Defendants represent to the Court that the responsive materials are already being compiled and that it is likely that Plaintiff will have received their discovery responses by October 3, 2008.

Under these circumstances, the Court finds that a brief enlargement of time is warranted. Accordingly, the Court will GRANT Defendants' Motion for an Enlargement

of Time but caution Defendants that if they fail to provide their responses to Plaintiff by **October 22, 2008**, the Court will entertain a motion for sanctions.

For all of the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions **[Dkt. # 23]** is DENIED, without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion for an Enlargement of Time **[Dkt. # 24]** is GRANTED. Defendants shall have until **October 22, 2008** to provide Plaintiff with their responses to the discovery requests covered by the September 5, 2008 Order.

                                            s/Gerald E. Rosen
                                            Gerald E. Rosen
                                            United States District Judge

Dated: October 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2008, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager